***NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

Electronically Filed
Supreme Court
SCWC-30701
31-JAN-2014
10:10 AM

NO SCWC-30701

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

_____

STATE OF HAWAIʻI, Respondent/Plaintiff-Appellee,

vs.

BRANDY IWALANI C. AVILLA, Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(ICA NO. 30701; CASE NO. 1DTA-10-00518)

SUMMARY DISPOSITION ORDER
(By: Acoba, and McKenna, JJ.,
with Circuit Judge Ayabe, assigned by reason of vacancy,
concurring in the result;
with Recktenwald, C.J., dissenting, with whom Nakayama, J. joins)

        Petitioner Brandy Iwalani C. Avilla ("Avilla") seeks

review of the Intermediate Court of Appeal's April 24, 2012

Judgment on Appeal, entered pursuant to its April 9, 2012 Summary

Disposition Order, which affirmed the District Court of the First

Circuit's "Notice of Entry of Judgment and/or Order and

Plea/Judgment" filed on June 9, 2010.  The District Court

adjudged Avilla guilty of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaiʻi Revised Statutes ("HRS") § 291E-61(a)(1)(2007).[1]

We accepted Avilla's application for writ of certiorari and now vacate the ICA's Judgment on Appeal and remand this case to the District Court with instructions to dismiss Avilla's Complaint without prejudice.

On certiorari, Avilla contends that the ICA order affirming her conviction constitutes an obvious inconsistency with the Supreme Court's April 12, 2012 decision in State v. Nesmith, 127 Hawaiʻi 48, 276 P.3d 617.  In State v. Nesmith, we held that mens rea must be alleged in an HRS § 291E-61(a)(1) charge in order to provide fair notice of the nature and cause of the accusation.  State v. Nesmith, 127 Hawaiʻi at 54-55, 276 P.3d at 623-24.  The Complaint against Avilla failed to allege the mens rea required in an HRS § 291E-61(a)(1) charge.  Therefore, Avilla's HRS § 291E-61(a)(1) charge was deficient for failing to allege mens rea.

Unlike Nesmith, however, Avilla challenged the sufficiency of the Complaint for the first time on appeal.  This

---

[1]  HRS § 291E-61(a)(1) provided, at the time of the alleged offense, the following:

> A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle . . . [w]hile under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

court recently issued a decision in which the sufficiency of a charge was similarly challenged for the first time on certiorari. See State v. Apollonio, 130 Hawaiʻi 353, 311 P.3d 676.  In State v. Apollonio, the majority of this court held, "a charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is dismissed without prejudice because it violates due process."  Id. at 359, 311 P.3d at 682.  Avilla's Complaint failed to charge a requisite state of mind, and thus, the ICA's Judgment on Appeal must be vacated and the charge must be dismissed without prejudice because it violates due process.

IT IS HEREBY ORDERED that the ICA's Judgment on Appeal is vacated, and this case is remanded to the District Court with instructions to dismiss the Complaint without prejudice.

DATED: Honolulu, Hawaiʻi, January 31, 2014.

| | |
|---|---|
| Trisha Y. Nakamura,<br>for petitioner | /s/ Simeon R. Acoba, Jr. |
| | /s/ Sabrina S. McKenna |
| Brian R. Vincent,<br>for respondent | |



CONCURRENCE BY CIRCUIT JUDGE AYABE

I concur in the result.

/s/ Bert I. Ayabe

